1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

7

8  | DONNA COUTURIER, on behalf of herself and all those similarly situated,

Case No. _____

9
10

Plaintiffs,

**DEFENDANT MIDLAND FUNDING, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 & 1446**

v.

11
12

MIDLAND FUNDING, LLC, a foreign limited liability company,

(Spokane County Superior Court Case No. 21202322-32)

13

Defendant.

14

15  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, ALL PARTIES**

16  **AND COUNSEL OF RECORD:**

17      **PLEASE TAKE NOTICE** that Defendant Midland Funding, LLC ("Defendant"), hereby

18  removes to this Court the state-court action described below, pursuant to 28 U.S.C. §§ 1331, 1367,

19  1441, and 1446.

20  **I.      DESCRIPTION OF ACTION**

21      1.      On or about August 19, 2021, Plaintiff Donna Couturier commenced this action in the

22  Superior Court of Spokane County, Washington, entitled *Couturier v. Midland Funding, LLC*, Case

23  No. 21202322-32. True and correct copies of the Summons and Complaint in the action, constituting

24  all process, pleadings, and orders served upon Defendant, are attached hereto as **Exhibits 1 and 2**.

25  ///

26

DEFENDANT MIDLAND FUNDING, LLC'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, 1441 & 1446 - PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Ave., Ste. 1800
Portland, OR 97204
Telephone: 503.243.2300

2.      The Complaint alleges that Defendant violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., as well as Washington's Collection Agency Act ("WACAA") and Consumer Protection Act ("WACPA").

## II.      SERVICE AND TIMELINESS OF REMOVAL

3.      Plaintiff served Defendant with the Summons and Complaint on November 10, 2021. This Notice of Removal is filed within 30 days of service, and is therefore timely under 28 U.S.C. § 1446(b).

## III.      VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441, *et seq.,* because the Superior Court of Washington, in and for the County of Spokane, where the action was commenced, is a state court within the Eastern District of Washington.

## IV.      JURISDICTION

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States. As alleged on the face of Plaintiff's Complaint, the action arises under the FDCPA, creating a federal question over which this Court has original jurisdiction.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's WACAA and WACPA claims because they are so related to Plaintiff's FDCPA claim that they form part of the same case and controversy.

## V.      NOTICE

7.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff and filed with the court clerk of the Superior Court of Washington for Spokane County.

## VI.      CONSENT TO REMOVAL

8.      Because Defendant is the only defendant in the action, all defendants necessarily consent to removal for purposes of 28 U.S.C. § 1446(b)(2)(A).

DEFENDANT MIDLAND FUNDING, LLC'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, 1441 & 1446 - PAGE 2

HOLLAND & KNIGHT LLP
601 SW Second Ave., Ste. 1800
Portland, OR 97204
Telephone:  503.243.2300

1    **WHEREFORE**, Defendant hereby removes this action from the Superior Court of

2  Washington for Spokane County to the United States District Court for the Eastern District of

3  Washington at Spokane, without waiver of any defenses or objections to the Complaint.

4

5         Dated: December 10, 2021.                    HOLLAND & KNIGHT LLP

6

7                                                      By:    s/ Dayna E. Underhill
                                                            Dayna E. Underhill, WSBA No. 25677
8                                                          Email: dayna.underhill@hklaw.com
                                                            Garrett S. Garfield, WSBA No. 48375
9                                                             (admission to the Eastern District of
                                                              Washington pending)
10                                                         Email: garrett.garfield@hklaw.com
                                                            601 SW Second Avenue, Suite 1800
11                                                         Portland, OR  97204
                                                            Telephone:  503.243.2300
12                                                         Fax:  503.241.8014

13                                                       *Attorneys for Defendant Midland
                                                          Funding, LLC*
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT MIDLAND FUNDING, LLC'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, 1441 & 1446 - PAGE 3

HOLLAND & KNIGHT LLP
601 SW Second Ave., Ste. 1800
Portland, OR 97204
Telephone:  503.243.2300

# Exhibit 1

1

2       COPY
        Original Filed

3       AUG 1 9 2021

        TIMOTHY W. FITZGERALD
4       SPOKANE COUNTY CLERK

5

6

7

8   **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
    **IN AND FOR THE COUNTY OF SPOKANE**

9   DONNA COUTURIER, on behalf of herself
    and all those similarly situated,          Case No. **21202322-32**
10
                        Plaintiffs,
11                                              **SUMMONS**
    vs.
12
    MIDLAND   FUNDING,   LLC,   a   foreign
13  limited liability company.
14
                        Defendant.
15

16  **TO:        CLERK OF THE COURT;**
17  **AND TO:    MIDLAND FUNDING, LLC, Defendant**

18          A lawsuit has been started against you in the above-entitled court by DONNA

19  COUTURIER, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of

20  which is served upon you with this Summons.

21          In order to defend against this lawsuit, you must respond to this Complaint by stating

22  your defenses in writing, and by serving a copy upon the person signing this Summons within

23  twenty (20) days after the service of this Summons if served within the State of Washington, or

24  within sixty (60) days after service, if served outside the State of Washington, excluding the date

25  of service, or a default judgment may be entered against you without notice. A default judgment

    is one where the Plaintiff is entitled to what he or she asks for because you have not responded.

SUMMONS                                          Kirk D. Miller, P.S.
Page 1 OF 3                                      421 W. Riverside Ave., Suite 660
                                                 Spokane WA 99201

1  If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a
2  default judgment may be entered.

3      You may demand that the Plaintiff files this lawsuit with the court. If you do so, the
4  demand must be in writing and must be served upon the person signing this Summons. Within
5  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,
6  or the service on you of this Summons and Complaint will be void.

7      If you wish to seek the advice of an attorney in this matter, you should do so promptly so
8  that your written response, if any, may be served on time. This Summons is issued pursuant to
9  Rule 4 of the Superior Court Civil Rules of the State of Washington.

10     DATED this _18th_ day of August, 2021.

11
12                                    KIRK D. MILLER, P.S.
13
14
15                                    Kirk D. Miller, WSBA #40025
                                      *Kirk D. Miller P.S.*
16                                    kmiller@millerlawspokane.com
                                      421 W. Riverside Ave, Suite 660
17                                    Spokane WA, 99201
                                      *Attorney for Plaintiff*
18
19
20
21
22
23
24
25

SUMMONS                                   Kirk D. Miller, P.S.
Page 2 OF 3                                421 W. Riverside Ave., Suite 660
                                          Spokane WA 99201
                                          (509) 413 1494

1
2
3
### NOTICE REGARDING MILITARY SERVICE
4
**NOTICE:** State and Federal law provide protections to defendants who are in the military
5
service, and to their dependents. Dependents of a service member or the service member's
6
spouse, the service member's minor child, or an individual for whom the service member
7
provided more than one-half of the individual's support for one hundred eight days (180)
8
immediately preceding an application for relief.
9
One protection provided is the protection against the entry of a default judgment in certain
10
circumstances. This notice pertains only to a defendant who is a dependent of a member of the
11
national guard or a military reserve component under a call to active service, or a national guard
12
member under a call to active service, or a national guard member under a call to service
13
authorized by the governor of the State of Washington, for a period of more than thirty (30)
14
consecutive days. Other defendants in military service also have protections against default
15
judgments not covered by this notice. If you are the dependent of a member of the national
16
guard or a military reserve component under a call to active service, or a national guard member
17
under a call to serve authorized by the governor of the State of Washington, for a period of
18
more than thirty (30) consecutive days, you should notify the Plaintiff or the Plaintiff's counsel
19
in writing of your status as such within twenty (20) days of the receipt of this notice. If you fail
20
to do so, then a Court or an administrative tribunal may presume that you are not a dependent of
21
an active duty member of the national guard or reserves, or a national guard member under a
22
call to service authorized by the governor of the State of Washington, and proceed with the
23
entry of an order of default and/or default judgment without further proof of your status. Your
24
response to the Plaintiff or Plaintiff's attorneys about your status does not constitute an
25
appearance for jurisdictional purposes in any pending litigation or a waiver of your rights.

This notice is issued pursuant to RCW 38.42.050(3)(a), effective June 7, 2006 and amended
June 7, 2012.

SUMMONS
Page 3 OF 3

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

# EXHIBIT 2

COPY
Original Filed

AUG 1 9 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| DONNA COUTURIER, on behalf of herself and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND FUNDING, LLC, a foreign limited liability company.<br><br>Defendant. | Case No. **21202322-32**<br><br>**COMPLAINT FOR DAMAGES** |

**INTRODUCTION**

Plaintiff, Donna Couturier, ("Plaintiff"), a Washington resident, bring this action by and through her undersigned counsel, Kirk D. Miller, of *Kirk D. Miller, P.S.*, against Midland Funding, LLC ("Defendant"), individually, and on behalf of a class of all others similarly situated, pursuant to CR23.

**I.    JURISDICTION AND VENUE**

1.1    The Spokane County Superior Court has jurisdiction over the parties and the subject matter of this action.

COMPLAINT FOR DAMAGES
Page 1 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

1.2     Venue is proper in this county because Plaintiff resides in Spokane County and Defendant conducts business in Spokane County.

## II.    NATURE OF THE ACTION

2.1     Plaintiff brings this action for damages for Defendant's actions of using unlawful means to collect a debt.

2.2     Defendant's actions violated RCW 19.16, commonly referred to as the Washington Collection Agency Act, which outlines the rights of Washington debtors, the rules of debt collection, and the standards and conduct required of debt collectors.

2.3     Defendant's actions violated RCW 19.86, commonly referred to as the Consumer Protection Act ("CPA"), which prohibits unfair and deceptive acts and practices by entities such as debt collectors.

2.4     Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.5     Plaintiff is seeking damages, declaratory, and injunctive relief.

## III.    PARTIES

3.1     Plaintiff Couturier is a natural person, resident of Washington State, and is "Consumers" as defined by 15 U.S.C. § 1692(a)(3).

3.2     Defendant is a "debt collector," as defined by 15 U.S.C. § 1692(a)(6).

3.3     Defendant is a "debt buyer" as defined by RCW 19.16.100(7).

3.4     Defendant is a "collection agency" as defined by RCW 19.16.100(4)(d).

3.5     All acts done by Defendant were done on their own behalf.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201

3.6     Defendant is a foreign limited liability company engaged in the business of collecting debts in Washington State and elsewhere.

3.7     Defendant's headquarters are located at 350 Camino de la Reina, suite 300, San Diego CA 92108-3003.

## IV.    CLASS ACTION ALLEGATIONS

4.1     Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

The Class consists of:

(a)     All individuals with addresses in the state of Washington;

(b)     Who were alleged to owe a debt arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family, or household purposes;

(c)     Where, in a civil action, Defendant filed a complaint without required attachments and disclosures present in RCW 19.16.260;

(d)     Where said action was filed in Spokane County District Court; and

(e)     Where the complaint in the action against the consumer was filed one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

4.2     The identities of all class members are readily ascertainable from the records of the Defendant.

4.3     Excluded from the Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and its respective immediate

families, and legal counsel for all parties to this action and all members of their immediate families.

4.4 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

(a) Numerosity: The Plaintiff is informed and believes, and on that basis, alleges that the Class defined above is so numerous that joinder of all members would be impractical.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's defective complaints violate the Washington Collection Agency Act, RCW 19.16.260; and the Washington CPA, RCW 19.86.020; and the Fair Debt Collection Practices Act, 15 U.S.C § 1692.

(c) Typicality: The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) Adequacy: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling

COMPLAINT FOR DAMAGES
Page 4 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might prevent them from vigorously pursuing the instant class action lawsuit.

(e)     Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

4.5     Certification of a class under Rule 23(b)(3) is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.6     The class period is the one (1) year prior to the filing of this action and on or before the date that this Court certifies the class, where the defective complaint was filed against the alleged debtor.

## V. PLAINTIFF COUTURIER ALLEGATIONS OF FACT

5.1     Sometime prior to February of 2018 Plaintiff allegedly incurred a debt to Credit one Bank, N.A. with a credit account.

5.2     Defendant purchased said credit account from to Credit one Bank, N.A., a "debt" as defined by 15 U.S.C. § 1692a(5).

5.3     On August 24, 2020, Defendant filed a lawsuit in Spokane County District Court cause number 20197199.

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

5.4    The complaint filed by Defendant did not contain or have attached a copy of a contract    evidencing the original alleged debt, and which contained Plaintiff's signature.

5.5    The complaint filed by Defendant did not contain evidence of the original alleged debt and did not contain Plaintiff's signature.

5.6    The complaint filed by Defendant did not contain or have attached a copy of the most recent monthly statement recording a purchase transaction, payment, or other extension of credit or the terms and conditions.

5.7    The complaint filed by Defendant requested judgment interest, as well as non-principal costs and fees associated with the action.

## VI.    FIRST CAUSE OF ACTION – VIOLATIONS OF THE OF THE WASHINGTON COLLECTION AGENCY ACT RCW 19.16

Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein. Defendant is a debt buyer.

6.1    Defendant did not attach to the complaint in their action a copy of a contract evidencing the alleged original debt which contained Plaintiff's signature.

6.2    RCW 19.16.260(2)(a) of the Washington Collection Agency Act states that debt buyers such as Defendant may not: "bring any legal action against a debtor without attaching to the complaint a copy of the contract or other writing evidencing the original debt that contains the signature of the debtor".

COMPLAINT FOR DAMAGES
Page 6 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

6.3     Defendant did not attach to the complaint a copy of the most recent monthly statement recording a purchase transaction, payment, or extension of credit or any terms and conditions of said contract.

6.4     RCW 19.16.260(2)(a) of the Washington Collection Agency Act states that debt buyers such as Defendant may not: "bring any legal action against a debtor without attaching to the complaint...(i) if a claim is based on a credit card debt for which a signed writing evidencing the original debt does not exist, a copy of the most recent monthly statement recording a purchase transaction, payment, or other extension of credit and, if the claim is based on a breach of contract, a copy of the terms and conditions in place at the time of the most recent monthly statement recording a purchase transaction, payment, or extension of credit must also be attached". (ii) if a claim is based on an electronic transaction for which a signed writing evidencing the original debt never existed, a copy of the records created during the transaction evidencing the debtor's agreement to the debt and recording the date and terms of the transaction and information provided by the debtor during the transaction."

6.5     Defendant did not provide a disclosure in the complaint stating a) that the action was being brought by, or for the benefit of, a person or entity that is engaged in the business of purchasing delinquent or charged off claims for collection purposes; b) the date the alleged debt was purchased; c) the identity of the person or entity from whom or which the alleged debt was purchased; d) that the alleged debt may have been purchased for less than the value stated in the complaint; e) a statement as to whether the alleged debt was at any time

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

sold without any representation or warranty of accuracy; and f) that the action was commended within, and was not barred by, an applicable statute of limitations.

6.6    RCW 19.16.260(2)(c) states that debt buyers such as Defendant, may **not** "bring any legal action against a debtor without providing a disclosure in the complaint, in no smaller than ten point type, stating each of the following: (i) That the action is being brought by, or for the benefit of, a person or entity that is engaged in the business of purchasing delinquent or charged off claims for collection purposes; (ii) the date the claim or obligation was purchased; (iii) the identity of the person or entity from whom or which the claim or obligation was purchased; (iv) that the plaintiff may have purchased this claim or obligation for less than the value stated in the complaint; (v) if the claim or obligation was at any time sold without any representation or warranty of accuracy, a statement to that effect; and (vi) that the action is being commenced within, and is not barred by, an applicable statute of limitations."

6.7    In the Complaint, Defendant claimed it was owed interests, costs, attorney's fees, and other charges associated with the action.

6.8    RCW 19.16.260, the Collection Agency Act states, in RCW 19.16.450 that "if an act or practice in violation of RCW 19.16.250 or 19.16.260 is committed" by a licensed debt collection agency, "or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees,

COMPLAINT FOR DAMAGES
Page 8 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 412-1494

collection costs, delinquency charge, or other fees otherwise legally chargeable to the debtor on such a claim" (emphasis added).

6.9     In addition to the violations alleged above, RCW 19.16.250 states that it is also a violation to "collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute" and, in lawsuits, that it is a violation to collect "attorney's fees and taxable court costs" other than where expressly authorized.

6.10    When a debt collector files a legal action, RCW 19.16.260 requires them to include specific attachments and disclosures in the complaint.

6.11    When RCW 19.16.260 has been violated, it is a violation of RCW 19.16.450 to collect or attempt to collect interest, service charge, attorneys' fees, collection costs, delinquency charge, or other fees otherwise legally chargeable to the debtor on the claim.

6.12    In a collection lawsuit brought by a licensed debt collector, like Defendant, collecting or attempting to any sum other than allowable interest, collection costs, handling fees, attorneys' fees, or taxable court costs which are expressly authorized by statute is a violation of RCW 19.16.250.

VII.    **SECOND CAUSE OF ACTION – Violations of the Washington Consumer Protection Act RCW 19.86**

7.1     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

COMPLAINT FOR DAMAGES
Page 9 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201

7.2    A violation of the provisions of the Collection Agency Act is a per se violation of the Consumer Protection Act. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 155, 803 P.2d 10, 12 (1991).

7.3    Defendant's acts complained of herein are unfair acts and practices under the Washington State Consumer Protection Act.

7.4    All of Defendant Midland Funding's actions described herein occurred within the scope of Midland Funding's trade as a collection agency, debt buyer, and debt collector.

7.5    Plaintiff suffered an injury to his property as a direct and proximate result of Defendant's actions.

7.6    Defendant Midland Funding's policies and practices impact the public interest.

7.7    The Washington CPA applies to the actions at issue herein because the complaint involves conduct which occurred during trade/commerce, Plaintiff was damaged in his property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition.

7.8    Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.9    Defendants' actions in attempting to collect fees and costs associated with said illegal lawsuits violates the Washington Consumer Protection Act.

COMPLAINT FOR DAMAGES
Page 10 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

## VIII.  THIRD CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § § 1692(e)-(f), *et seq.*

8.1  Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

8.2  Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012). The FDCPA, 15 U.S.C. §1692(e)(5), prohibits a debt collector from threatening or taking any action that cannot legally be taken. See *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.").

8.3  Filing and serving said complaints as described herein on Washington residents without the statutorily required information to verify the debt is misleading and deceptive.

8.4  Attempting to collect interests, fees, and costs in such lawsuits when state law prohibits collecting them is misleading and deceptive.

8.5  The FDCPA also prohibits "the collection of amounts (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

COMPLAINT FOR DAMAGES
Page 11 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(500) 412 1494

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692(f)(1).

8.6     Plaintiff was injured by Defendants' actions because she has since had to expend time and resources to defend and retain counsel in the lawsuit brought by Defendant, and face judgment with interest as well as costs and attorney's fees in addition to the principal of the alleged debt.

8.7     The omission of mandatory attachments and disclosures from Complaints is material because it may lead a consumer to believe that they have been validly sued for a debt; limits the consumer's defense to the claimed obligation due to lack of information on the origin of the debt or their rights; and initiates a lawsuit which, while subjecting collection agencies to lower accountability than the statute demands, is severe such that an individual consumer cannot easily, if at all, defend themselves from the potentially immense costs of a civil suit.

## IX. REQUEST FOR PRESERVATION OF EVIDENCE

9.1     Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

9.2     Suspend all procedures that may alter or delete computer data;

9.3     Prevent deleting, overwriting, defragmenting, or compressing the data;

9.4     Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; and (b) if backups are made to hard drives, preserve the hard drive as well;

9.5     Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or media

that are within the possession, custody, or control of all people who have

knowledge of relevant facts and those who work with them, such as assistants;

9.6    Preserve the contents of all information on portable computers—such as laptops,

palmtops, or tablets—used by those people, as well as home computers, if these

are used for work purposes;

9.7    Preserve the contents of all data on computers that were used since the limitations

period on the lawsuit began (for example; five years prior to filing) but that are no

longer in use; and

9.8    Disclose electronic information in the Rule 26 initial disclosures.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

10.1    Declaring that this action is properly maintainable as a Class action and certifying

Plaintiff as Class representative and Kirk D. Miller as Class Counsel;

10.2    Awarding Plaintiff and the Class statutory damages;

10.3    Awarding Plaintiff costs of this Action, including reasonable attorney's fees and

expenses;

10.4    Awarding pre-judgment interest and post-judgment interest; and

10.5    Injunctive relief permanently enjoining Defendant's practices complained of

herein; and

10.6    Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

COMPLAINT FOR DAMAGES
Page 13 OF 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 413-1494

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DATED this _18th_ day if August , 2021.

KIRK D. MILLER, P.S.

Kirk D. Miller, WSBA No. 40025
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES
Page 14 OF 14

1
2
3

## CERTIFICATE OF SERVICE

     I hereby certify that I caused the foregoing DEFENDANT MIDLAND FUNDING, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441 & 1446 to be served on the following person[s]:

4
5
6
7
8

     Kirk D. Miller
     Kirk D. Miller, P.S.
     421 W. Riverside Ave., Suite 660
     Spokane, WA 99201
     Telephone: (509) 413-1494
     Fax: (509) 413-1724
     Email: kmiller@millerlawspokane.com

9

     *Attorney for Plaintiff*

10

by the following indicated method or methods:

11
12

☑     by e-mailing full, true and correct copies thereof, to the parties and/or their attorneys as shown above, to the last-known e-mail addresses of the parties and/or attorneys, on the date set forth below.

13
14

☑     by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

15
16

☐     by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

17
18

☐     by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

19
20

☐     by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

21

     DATED December 10, 2021.

22

                              *s/ Garrett Garfield*
                              Garrett S. Garfield

23
24
25
26

CERTIFICATE OF SERVICE - PAGE 1

                                     **HOLLAND & KNIGHT LLP**
                                    601 SW Second Ave., Ste. 1800
                                      Portland, OR 97204
                                      Telephone:  503.243.2300